UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHNNIE M. HOLT                                                      PLAINTIFF

v.                                          CIVIL ACTION NO. 3:10-cv-263-CRS

FEDERAL EXPRESS CORPORATION                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motions of the Defendant, Federal Express Corporation, for summary judgment (DN 26) on claims of the plaintiff, Johnnie M. Holt ("Plaintiff"), and to strike exhibits to Plaintiff's Response to Defendant's Motion for Summary Judgment (DN 43).

Defendant filed a motion on August 1, 2011 seeking summary judgment on Plaintiff's claims of discrimination and retaliation, which culminated in the termination of his employment with Defendant. (DN 26). Plaintiff's preliminary response to Defendant's motion for summary judgment sought additional discovery on reports of delivery exception codes used by other employees with Defendant, which Plaintiff had previously requested. Plaintiff argues that Defendant's criticism of his use of delivery exception codes was a pretext for discrimination.

In December of 2010, Defendant had objected to Plaintiff's initial discovery request for the delivery exception code records of other employees over a six-year period, arguing that it was overly broad and not reasonably calculated to lead to the discovery of admissible evidence. In a telephonic conference on January 4, 2011, the parties agreed to limit the scope of Plaintiff's document requests to only records of delivery exception codes used by employees supervised by Kevin Hart ("Hart"), during the period in time when Hart was working as a supervisor. Defendant then advised the court

that even with the limited request, much of the information would not be retrievable in a thirty (30) day window, so the court adjusted discovery deadlines, ultimately, until July 5, 2011.

Apparently, Plaintiff remains essentially without any information concerning other employee's use of exception codes. Plaintiff asserted in his response to Defendant's motion for summary judgment that he sought the exception codes and also filed a motion to extend and to compel discovery (DN 31). In an order entered November 2, 2011, the court granted Plaintiff's motion to extend and compel discovery and ordered that Defendant comply with the discovery request (DN 49). In the court's order, Magistrate Judge James D. Moyer stated,

> The defendant argues it is patently unfair to reopen discovery after the filing of the defendant's motion for summary judgment, for reasons stated in its response, including the concern that the plaintiff is crafting discovery requests based on argument contained in the summary judgment motion. However, the court respectfully disagrees and concludes that under the circumstances in this case, the plaintiff is entitled to additional discovery. Rule 56(d) of the Federal Rules of Civil Procedure provides that the court may allow time to take discovery and defer considering a motion for summary judgement if the nonmoving party, by affidavit or declaration, shows it cannot present facts essential to justify its opposition. The court concludes the plaintiff has satisfied this requirement, particularly given that the discovery at issue is information the plaintiff has been seeking since commencement of this lawsuit.
>
> In the teleconference, the defendant stated that certain backup data may or may not exist, but because discovery had closed, he has not investigated the existence, burden or expense of retrieving such data. In addition, the defendant restated the initial objection that the requested information is overly broad and not relevant discovery. To the relevance objection, the court concludes the requested information has potential relevance to the claim of pretext, despite the defendant's notice argument, and is permissible discovery. Thus, because it remains unclear whether there are documents responsive to the plaintiff's request no. 5, the court will allow an extension of discovery of this request, within the limitations referenced in the January 4th conference, and for a 60-day time-frame as discussed in this latest teleconference.

*Id*. at 2-3.

On December 6, 2011, Plaintiff made a motion to compel the compliance of Defendant with the November 2, 2011 order of the court. (DN 50). On March 2, 2012, the court granted Plaintiff's motion to compel and Defendant was ordered to comply with the court's previous order. (DN 55). The order requires Defendant to determine within twenty (20) days of the date of entry of the order, whether backup data exists which could be used to reconstruct records responsive to Plaintiff's previous request for discovery. *Id.* If such backup data exists, the order further requires Defendant to produce records within thirty (30) days of the date of entry of the order. *Id.*

Although neither party has made a motion regarding Defendant's submitted motion for summary judgment, we find that it is necessary to remand the motion, given the court's order on Plaintiff's motion to compel. As discussed above, the court found the information sought to be discoverable and relevant to Plaintiff's argument of pretext. (DN 49). Therefore, **IT IS HEREBY ORDERED** that the motion of Defendant for summary judgment (DN 26) is **REMANDED WITH LEAVE TO REINSTATE** upon Defendant's compliance with the court's March 2, 2012 order (DN 55). At such time, the parties may request resubmission of the motion, or the parties may request to revise the briefs in order to reflect any changes in arguments, if necessary due to Defendant's production of documents.

Defendant also seeks to strike exhibits to Plaintiff's Response to Defendant's Motion for Summary Judgment (DN 43), arguing that these exhibits have not been properly authenticated and consist of inadmissible hearsay. Because we have remanded Defendant's motion for summary judgment with leave to reinstate the pleadings or request to revise the pleadings, we also defer consideration of Defendant's motion to strike Plaintiff's exhibits. Therefore, **IT IS FURTHER ORDERED** that the motion of the Defendant to strike Plaintiff's exhibits to his Response to

Defendant's Motion for Summary Judgment (DN 43) is also **REMANDED WITH LEAVE TO REINSTATE**.

**IT IS SO ORDERED**.

March 14, 2012

**Charles R. Simpson III, Judge**
**United States District Court**